IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NATHANIEL COLLETON, | ) | No. 2:08-cr-00581-DCN-1 |
| | ) | No. 2:09-cr-01084-DCN-1 |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Nathaniel Colleton's ("Colleton")

motion to reconsider the court's prior order denying compassionate release, ECF No.

160.[1]  For the reasons set forth below, the court grants the motion to reconsider, vacates

its prior order, and denies Colleton's motion for compassionate release.

## I.  BACKGROUND

Colleton was named in a four-count indictment (the "first indictment") for his

participation in a drug conspiracy on June 12, 2008.  See ECF No. 1.  Count 1 charged

that Colleton possessed 100 grams or more of heroin with intent to distribute in violation

of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and Count 2 charged that he distributed heroin to

another person resulting in their death or serious bodily injury in violation of Section

841(a) & (b)(1)(C).  Id. at 1–2.  Pursuant to the terms of a plea agreement entered into on

June 22, 2009, Colleton pleaded guilty to counts 1 and 2, and the United States of

America (the "government") agreed to dismiss counts 3 and 4 of the indictment.  ECF

No. 51 at 1–3.  Colleton was released upon posting a bond on June 24, 2008.  ECF No.

---

[1] Colleton's sentence arises from two indictments filed as separate cases on the
CM/ECF system: Case No. 2:08-cr-00581-DCN-1 and Case No. 2:09-cr-01084-DCN-1.
The citations herein correspond to Case No. 2:08-cr-00581-DCN unless otherwise
indicated.

1

17.  On August 26, 2009, while still subject to the terms of his release, Colleton visited a Chinese restaurant and sold less than one gram of heroin to a confidential informant. ECF No. 69, PSR ¶¶ 23–25.  Colleton was then charged in a single count indictment (the "second indictment") for violating 21 U.S.C. § 841 (a)(1) & (b)(1)(C) and 18 U.S.C. § 3147(1) (criminalizing the commission of a felony while on release).  Case No. 2:09-cr-01084-DCN-1, ECF No. 1.  On May 6, 2011, the court sentenced Colleton to 240 months imprisonment on each count of the first indictment to run concurrently and 84 months on the second indictment to run consecutively with the 240-month sentence, resulting in a total term of imprisonment of 324 months.  ECF No. 71.

Colleton moved for a compassionate release sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) on June 28, 2024.  ECF No. 152.[2]  On January 26, 2026, the court issued an AO 247 form order (the "January order") denying Colleton's motion.  ECF No. 157.  On February 9, 2026, Colleton moved for the court to reconsider its January order, arguing that the AO 247 form is applicable to 18 U.S.C. § 3582(c)(2) motions while his motion was made pursuant to Section 3582(c)(1)(A).  ECF No. 160 at 2.  He requested that the court (1) vacate its January order, (2) reconsider his motion on the merits pursuant to the applicable standard under Section 3582(c)(1)(A), or (3) alternatively, for the court to set a briefing schedule and require a response from the government.  Id. at 4.  Colleton additionally moved for the Fourth Circuit to issue a writ of mandamus directing the court to take these same actions.  In re: Nathaniel Colleton,

---

[2] Colleton moved to amend his initial compassionate release motion on February 14, 2025.  ECF No. 154.  That motion seeks relief on the same grounds stated in his initial motion.  Compare id., with ECF No. 152.

Case No. 26-1465 (4th Cir. Apr. 17, 2026), ECF No. 2.  The court will not require a response from the government and so the motion to reconsider is now ripe for review.

## II.  STANDARD[3]

District courts are generally prohibited from modifying a sentence once imposed. 18 U.S.C. § 3582(c).  There is an exception to this general rule when "extraordinary and compelling reasons warrant such a reduction[.]"  § 3582(c)(1)(A).  This is known as the "compassionate-release exception."  Moody v. United States, 115 F.4th 304, 310 (4th Cir. 2024) (internal quotation marks and citation omitted).

The court's analysis of a compassionate release motion proceeds in two steps.  Id. First, the court "determines whether the defendant is eligible for a sentence reduction." Id.  A defendant is eligible under Section 3582(c)(1)(A)(i) if the district court finds that "extraordinary and compelling reasons" exist for granting a sentence reduction and that the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."[4]  18 U.S.C. § 3582(c)(1)(A)(i); see also Moody, 115 F.4th at 310.  The Sentencing Commission promulgated United States Sentencing Guideline (the "guidelines") Section 1B1.13 to serve as the applicable policy statement for compassionate release motions.  See U.S.S.G. § 1B1.13; United States v. Davis, 99 F.4th 647, 654–55 (4th Cir. 2024).  Therein, the sentencing commission determined that an "unusually long sentence" constitutes an "extraordinary and compelling reason[ ]" to grant a sentence reduction under Section 3582(c)(1)(A)(i).  U.S.S.G. § 1B1.13(b)(6).  In

---

[3] Because the court considers Colleton's compassionate release motion on the merits, the court provides the applicable standard of review for a compassionate release motion as opposed to a motion to reconsider.

[4] The court refers to the United States Sentencing Commission as the "Sentencing Commission."

determining whether a sentence is unusually long, the court may consider changes in the law, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]"  Id.

At the second step, the court "considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief."  Moody, 115 F.4th at 310.

### III.  DISCUSSION

At the outset, the court acknowledges that it erred in issuing the AO 247 form order because the form is applicable to 18 U.S.C. § 3582(c)(2) motions for a sentence reduction—not Section 3582(c)(1)(A) compassionate release motions.  See ECF Nos. 157, 152 at 1 (Colleton's motion indicates that it is made "pursuant to 18 U.S.C. § 3582(c)(1)[.]").  The court will thus vacate the January order and proceed with an analysis of the merits of Colleton's compassionate release motion informed by the proper legal standard.  The court concludes that Colleton fails to satisfy the first step of the compassionate release inquiry and denies the motion for that reason.

At step one, Colleton asserts that he is eligible for compassionate release because his unusually long sentence constitutes an extraordinary and compelling reason for relief.[5]  ECF No. 152 at 6–7.  This is so, Colleton argues, because he was sentenced to "84 months of imprisonment" on the second indictment, which was a "nonviolent offense

---

[5] To be eligible for compassionate release, the defendant must, as a preliminary matter, satisfy Section 3582(c)(1)(A)'s exhaustion requirement.  In order to meet this prerequisite, the defendant must have (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf[,]" or (2) the defendant must have requested compassionate release from the warden of his facility and thirty days from the warden's receipt of the request has lapsed without response, "whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The court is satisfied that Colleton has met this requirement.  See ECF No. 152-1.

for the distribution of less than two grams of heroin . . . ." Id. at 7.  If sentenced today for this same quantity of heroin, Colleton submits that his offense level would be reduced to 12 pursuant to the drug table found in Section 2D1.1 of the guidelines, subjecting him to a far lesser sentence of "10-16 months as a penalty" on the second indictment.  Id. According to Colleton, this lesser sentence constitutes a gross disparity between the 84-month sentence he is currently serving thereby satisfying the first step of the analysis.[6] Id. at 6–7.  As explained below, Colleton's argument fails because the weight of heroin Colleton sold while released on bond had no impact on his guidelines range at the time of sentence and would have no impact on his guidelines range if re-calculated today.

Colleton's guidelines range was determined on the basis of three offenses: counts 1 and 2 of the first indictment and the single count of the second indictment.  On counts 1 and 2, Colleton received a base offense level of 38 because he violated Section 841(b)(1)(B) in a manner that resulted in death or serious bodily injury.  PSR ¶ 42.  Then, Colleton received a three-level enhancement pursuant to Section 3C1.3 of the guidelines arising from his distribution of heroin while released on bond in violation of 18 U.S.C. § 1347, resulting a total offense level of 41.  Id. ¶¶ 46, 51.  In combination with his criminal history category of I, Colleton's guidelines range computed to 324 months to

---

[6] A defendant moving for compassionate release under Section 1B1.13(b)(6) of the guidelines must also have served at least ten years of their sentence to be eligible. The court finds that Colleton has served at least ten years of his sentence.  See ECF No. 71.

405 months.  Id. ¶ 64.  Colleton was ultimately sentenced to 324 months—the low end of his guidelines range.  ECF No. 71.

Significantly, the amount of heroin Colleton distributed while released on bond—"less than 1 gram" according to the PSR—was not a factor that drove the three-level enhancement for violating Section 1347.  See PSR ¶ 25.  Rather, Section 3C1.3 of the guidelines requires a three-level enhancement when the defendant violates Section 1347—i.e., commits an offense while released on bond.  Section 3C1.3 mandated this enhancement when Colleton was sentenced and would still mandate the enhancement today.  Compare U.S.S.G. § 3C1.3 (2025), with id. § 3C1.3 (2010).[7]

Because Colleton would still receive the same three-level enhancement on the second indictment if sentenced today, Colleton has failed to demonstrate a "gross disparity" between the sentence he is serving and the sentence he would receive today.[8] See U.S.S.G. § 1B1.13(b)(6).  Beyond Colleton's argument concerning the heroin weight's purported impact on his guidelines range, he has not advanced any other argument to show that he is serving an "unusually long sentence."  See id.; ECF No. 152. Having failed to show that he is serving an "unusually long sentence[,]" the court finds

---

[7] Colleton's PSR was last revised on February 1, 2010 when the 2010 guidelines were still in place.  See PSR at 2.  To view the 2010 guidelines, see U.S. Sent'g Comm'n., https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2010/manual-pdf/2010_Guidelines_Manual_Full.pdf (last visited Apr. 29, 2026).

[8] The court notes that Colleton's motion specifically states "[t]he disparity comes in at the fact that 2 grams of heroin under the sentencing table at the time of Mr. Colleton's sentencing would have subjected him to a much less term of imprisonment than the 84 months he received. (this is the why)."  ECF No. 152 at 7 (emphasis added). To the extent Colleton argues that his guidelines calculation should have been different at the time of his sentencing because the second indictment involved less than 2 grams of heroin, the court rejects this argument because weight was not a factor that drove the three-level enhancement at the time sentence was imposed.  See PSR ¶ 46; U.S.S.G. § 3C1.3 (2010).

that there is not an "extraordinary and compelling reason[ ]" for granting Colleton's requested sentence reduction pursuant to Section 3582(c)(1)(A)(i). As such, Colleton has failed to satisfy the first step of the compassionate release analysis, and he is not eligible not a sentence reduction. See Moody, 115 F.4th at 311. In the absence of an extraordinary and compelling reason for a sentence reduction, the court need not continue to the second step of the compassionate release analysis. See United States v. Burleigh, 145 F.4th 541, 551 n.7 (4th Cir. 2025) ("[D]istrict court did not have to address the § 3553(a) factors once it found that there were not extraordinary and compelling reasons.").

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** Colleton's motion to reconsider, and **VACATES** its January order, ECF No. 157. The court **DENIES** Colleton's motion for compassionate release, ECF No. 152. All provisions from Colleton's original sentence remain in effect.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 5, 2026**
**Charleston, South Carolina**